UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

ANDREA DE UDAETA AND VICTORIA VARLASHKINA,
on their own behalf and others similarly situated,

    Plaintiffs,

v.

AZUR BEACH CLUB LLC, a Florida Limited
Liability Company, and
RAMZI NABIR, an individual,

    Defendants.
_____/

## COMPLAINT

Plaintiffs, ANDREA DE UDAETA and VICTORIA VARLASHKINA ("Plaintiffs"), on their own behalf and the employees similarly situated to them, hereby sue Defendants, AZUR BEACH CLUB LLC, a Florida Limited Liability Company, and RAMZI NABIR, individually (collectively referred to as "Defendants"), for failing to pay minimum wages to all servers/waitpersons/bartenders, however variously titled (hereinafter referred to as "servers") pursuant to 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA") and the Florida Minimum Wage Act, Florida Statutes §448.110, and Fla. Const. Art. X §24.

1. At all times material to this Complaint, Defendants have owned and operated a restaurant-bar since its opening in approximately October 2015 in Hallandale Beach, in Broward County, Florida within the jurisdiction of this Court.

2. Plaintiff, ANDREA DE UDAETA, is an individual residing in Miami-Dade County, Florida.

3. Plaintiff, VICTORIA VARLASHKINA, is an individual residing in Broward County, Florida.

4. At all times material to this Complaint, Defendants orchestrated a common policy and practice of requiring servers to pool their tips with the Defendants' managers, who do not customarily and regularly receive tips from customers while paying servers the minimum wage minus the tip credit, while requiring servers to tip out

5. Defendants violated the FLSA and Florida Constitution by failing to pay class members within the past five (5) years at least the full minimum wage for all hours worked pursuant to the FLSA, the Florida Minimum Wage Act, and Fla. Const. Art X §24(c) ("Employers *shall* pay Employees Wages no less than the Minimum Wage for *all* hours worked in Florida.") (emphasis added).

6. Plaintiffs and proposed class members were/are hourly paid servers who have worked for Defendants within the last five (5) years at Defendants' restaurant-bar in Hallandale Beach, Florida.

7. Plaintiffs and the proposed class members were subjected to the same violations of the Florida Minimum Wage Act, Florida Statutes §448.110, and Fla. Const. Art. X §24.  More specifically, all servers were unlawfully required to "tip out" (a) Managers in an amount equal to ten percent (10%) percent of each Server's tips at the end of each shift; and (b) bussers in an amount equal to twenty percent (20%) of each Server's gross sales, with the group of Servers sharing the remaining seventy percent (70%) left in the tip pool which was calculated by Defendants dividing the number of hours each Server and Bartenders worked for a given shift into the remainder.

8. Plaintiffs and the proposed class members were subjected to the same violation of the FLSA. Specifically, all servers were unlawfully required to share tips with non-tipped employees. The class of similarly situated employees, potential class members sought to be certified, under 29 U.S.C. §216(b) is defined as:

> **"All persons who worked for Defendants as servers during the three (3) years preceding this lawsuit and who were not paid at least the full minimum wage pursuant to the FLSA for each hour worked,"**

with the precise size and the identity of the FLSA Class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

9. Plaintiffs also seek class certification under Fed. R. Civ. P. 23 of the following state law class under Florida state law:

> **"All persons who worked for Defendants as servers during the five (5) years preceding this lawsuit, and who were not paid at least the full minimum wage pursuant to Fla. Const. Art. X § 24(c) for each hour worked."**

10. At all times material to this Complaint, RAMZI NABIR has managed and/or operated and regularly exercised the authority to hire and fire employees, determine the work schedules of Plaintiffs and Defendants' other employees, set the rate pay of employees, and/or controlled the finances and operations of AZUR BEACH CLUB LLC. By virtue of such control and authority, RAMZI NABIR was an employer of Plaintiffs and the other similarly situated servers as such term is defined by the Florida Minimum Wage Act and the FLSA, 29 U.S.C. §203(d).

## Jurisdiction & Venue

11. This action is brought under the FLSA and Florida law to recover from Defendants minimum wages, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every hourly paid server who worked for Defendants at any time

within the past five (5) years.

12. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 and the FLSA, and supplemental jurisdiction over Plaintiffs' Florida Constitution claim pursuant to 28 U.S.C. §1367 because the acts and omissions that give rise to Plaintiffs' FLSA claims are the same acts and omissions that give rise to Plaintiffs' Florida Constitution claims.

13. This Court has jurisdiction and venue over this complaint as Plaintiffs reside in this District, and each of Defendants' violations of the FLSA and Florida Constitution complained of took place in Broward County, Florida.

## General Factual Allegations

14. At all times material to this Complaint, Plaintiffs worked for Defendants at their restaurant-bar located in Hallandale in Broward County, Florida.

15. Plaintiff, ANDREA DE UDAETA, worked for Defendants as a server between approximately March 18, 2016 and May 1, 2016.

16. Plaintiff, VICTORIA VARLASHKINA, worked for Defendants as a server between approximately March 24, 2016 and May 9, 2016.

17. At all times material to this Complaint, Defendants paid Plaintiffs and the other similarly situated servers pursuant to a "tip credit" method, meaning at an hourly rate of the minimum wage minus a tip credit.

18. At all material times material to this Complaint within the last five (5) years, Defendants deducted a tip credit of, *inter alia*, $3.02/hour [$8.05/hour - $5.03/hour = $3.02/hour] and required Servers to "tip out" (a) Managers in an amount equal to ten percent (10%) percent of each Server's tips at the end of each shift; and (b) bussers in an amount equal to twenty percent (20%) of each Server's gross sales, with the group of Servers sharing the remaining

4

seventy percent (70%) left in the tip pool which was calculated by Defendants dividing the number of hours each Server and Bartenders worked for a given shift into the remainder.

19. At all times material to this Complaint including but not necessarily limited to during the years 2015 and 2016, AZUR BEACH CLUB LLC has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce. In this regard, Plaintiffs allege based upon information and belief and subject to discovery, that at all times material to this Complaint, AZUR BEACH CLUB LLC has employed two (2) or more employees who, *inter alia*: (a) regularly handled and worked on kitchen and commercial equipment—including but not limited to refrigerator and freezer, ovens, grill, fryers, blenders, coffee machines, stove—that were goods and/or materials moved in or produced for commerce; (b) regularly handled and worked with food, beverages, and alcohol—including but not limited to cheese, meats, fish, Jack Daniels Whiskey, Bacardi Rum, Ketel One Vodka, other liquor, Wine and imported beers including but not limited to Heineken and Coronas—that were goods and/or materials moved in or produced for commerce; and (c) regularly processed credit card transactions for payments by and for Defendants' customers through banks and merchant services for credit card companies such as Visa, Mastercard, and American Express.

20. Based upon information and belief, the annual gross sales volume of AZUR BEACH CLUB LLC has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years 2015 and 2016.

21. At all times material to this Complaint including but not necessarily limited to during the years 2015 and 2016, AZUR BEACH CLUB LLC''s employees ran credit card transactions which transacted business in interstate commerce on a daily basis and also handled

such goods as napkins, silverware, appliances, food items, and restaurant equipment which had travelled in interstate commerce on a daily basis.

22. At all times material to this Complaint including but not necessarily limited to during the years 2015 and 2016, AZUR BEACH CLUB LLC has been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s), and within the meaning of the Florida Minimum Wage Act.

23. Defendants are in the business of providing food and drinks to the general public.

24. Defendants have jointly employed Plaintiffs and other servers ("class members" or the "class") at Defendants' restaurant since inception within the last five (5) years.

25. Plaintiffs and the class members have worked for Defendants in Florida without being paid at least the full minimum wage for all hours worked due to Defendants' illegal policy and practice of requiring Plaintiffs and class members to share tips with non-tipped employees who do not customarily and regularly receive tips from customers.

26. Plaintiffs and all similarly situated employees have regularly performed a specific job for Defendants, i.e. serving food and/or and drinks, which is an integral part of the restaurant-bar business of Defendants.

27. Defendants utilized the tip credit and paid Plaintiffs and all similarly situated servers below the applicable tipped minimum wage.

28. Notwithstanding Defendants' preference to pay Plaintiffs and the class members through the tip credit, Defendants chose to require Plaintiffs and other servers to participate in a tip pool contribution plan that includes traditionally non-tipped employees.

29. Likewise, Defendants have also required their servers to participate in a tip pool that requires them to contribute a greater percentage of their tips than is customary and

6

reasonable.

30.     Based upon the foregoing practices, Defendants violated and continue to violate the terms of the tip-credit and the FLSA's and Florida Constitution's provision on minimum wages.

31.     As a result of Defendants' common policies, Plaintiffs and each similarly situated server is entitled to receive $3.02/hour for each hour worked as repayment for the tip credit improperly deducted from their wages, as well as the amount of their tips improperly shared with traditionally non-tipped employees.

32.     More specifically, as a result of Defendants' tip credit violations, Plaintiff, ANDREA DE UDAETA, alleges she is entitled to an additional $3.02 per hour for her regular hours worked as repayment for the tip credit improperly deducted from her wages, as well as the amount of her tips improperly shared with traditionally non-tipped employees between March 18, 2016 and May 1, 2016, which Plaintiff estimates is approximately $579.84 in unpaid minimum wages [$3.02/hour x 32 hours/week x 6 weeks = $579.84], plus approximately $1,628.64 for tips unlawfully retained by Defendants as a result of an average tip contribution by Plaintiff of $60.32 per day [$60.32/shift x 27 shifts], along with liquidated damages in an amount equal to her unpaid minimum wages.

33.     Plaintiff, VICTORIA VARLASHKINA, alleges she is entitled to an additional $3.02 per hour for her regular hours worked as repayment for the tip credit improperly deducted from her wages, as well as the amount of her tips improperly shared with traditionally non-tipped employees between March 24, 2016 to May 9, 2016, which Plaintiff estimates is approximately $676.48 in unpaid minimum wages [$3.02/hour x 32 hours/week x 7 weeks = $676.48], and approximately $3,300.00 for tips unlawfully retained by Defendants as a result of an average tip

contribution by Plaintiff of $100.00 per day [$100.00/shift x 33 shifts], along with liquidated damages in an amount equal to her unpaid minimum wages.

34.  The additional persons who may become plaintiffs in this action are employees who are similarly situated to Plaintiffs (i.e. servers, waitpersons, and bartenders, however variously titled) in that they customarily and regularly received tips from and interacted with Defendants' customers and who suffered from the same pay practice of being paid only the tipped minimum wage while improperly being required to share tips with traditionally non-tipped employees, specifically managers, who do/did not customarily and regularly receive tips from customers or regularly interact with customers.

35.  Based upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiffs and other similarly situated servers are in the possession and custody of Defendants.

36.  On July 22, 2016, Plaintiffs sent pre-suit notice to Defendants, see Exhibit A, which was delivered to Defendants on July 23, 2016 at 1800 S. Ocean Drive #3207, Hallandale Beach, Florida33309, and more than Fifteen (15) days have elapsed, but as of November 23, 2016, Defendants have failed to make payment of the unpaid wages due and owing to Plaintiffs and the Class Members.

## Collective/Class Factual Allegations

37.  Class members are treated equally by Defendants. Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

38.  Defendants subjected class members to the same illegal practice and policy by forcing the class members to participate in a tip pool contribution plan that includes traditionally

non-tipped employees, and contributing a greater percentage of their tips than is customary and reasonable.

41. Based upon information and belief, Defendants have employed over fifty (20) class members who were paid pursuant to a tip credit within the past five (5) years. The exact number of members of each class can be determined by reviewing Defendants' records.

40. Defendants pay class members in the same manner as Plaintiffs, deducting a tip credit of, *inter alia*, $3.02/hour and requiring Servers to "tip out" (a) Managers in an amount equal to ten percent (10%) percent of each Server's tips at the end of each shift; and (b) bussers in an amount equal to twenty percent (20%) of each Server's gross sales, with the group of Servers sharing the remaining seventy percent (70%) left in the tip pool which was calculated by Defendants dividing the number of hours each Server and Bartenders worked for a given shift into the remainder.

41. Additionally, Defendants have failed to keep accurate time and pay records for Plaintiffs and all class members pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

42. Defendants' failure to keep accurate time and pay records casts the burden on Defendants to disprove the testimony of Plaintiffs and all class members regarding the illegal deductions which they were subjected to by Defendants.

43. At all times material to this Complaint, Defendants violated the FLSA and Fla. Const. Art. X § 24 by improperly taking the tip credit. Defendants have acted willfully in failing to pay Plaintiffs and the class members in accordance with the law.

44. Plaintiffs have retained the undersigned counsel to represent them in this action, and pursuant to 29 U.S.C. §216(b) and Florida law, Plaintiffs are entitled to recover all reasonable attorneys' fees and costs from Defendants.

45. The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

46. The claims under the Florida Constitution may be pursued by all similarly situated persons who choose not to opt-out of the state law sub-class pursuant to Fed. R. Civ. P. 23.

47. The exact number of members of each class can be determined by reviewing Defendants' records. However, Plaintiffs reasonably believe that there are over 50 eligible individuals in the defined class.

48. Plaintiffs will fairly and adequately protect the interests of the class and have retained counsel that is experienced and competent in class action and employment litigation.

49. Plaintiffs have no interests that are contrary to, or in conflict with, the members of the class.

50. A collective/class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

51. A collective and class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, many members of the class likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the FLSA and the Florida Constitution.

52. Further, even if every member of the class could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual

members of the class and provide for judicial consistency.

53. There is a well-defined community of interest in the questions of law and fact affecting the class as a whole. The questions of law and fact common to the class predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether Defendants' employed servers within the meaning of the applicable statutes, including the FLSA;

    b. Whether servers were uniformly, willfully and wrongfully paid the tipped minimum wage;

    c. Whether Defendants failed to pay Plaintiffs and members of the class all minimum wages owed to them;

    d. Whether Plaintiffs and the class members were required to participate in an illegal tip pool plan;

    e. What remedies are appropriate compensation for the damages caused to Plaintiffs and each member of the class; and

    f. Whether Defendants' failure to compensate Plaintiffs and the Class Members at the applicable minimum wage rates was willful, intentional or done with reckless disregard.

54. The relief sought is common to the entire class including, *inter alia:*

    a) payment by the Defendants of actual damages caused by their failure to pay minimum wages pursuant to the FLSA and Florida Constitution;

    b) payment by the Defendants of liquidated damages caused by their failure to pay minimum wages pursuant to the FLSA and Florida Constitution;

c) payment by the Defendants of the costs and expenses of this action, including the attorneys' fees of Plaintiffs' counsel.

d) That Defendants cease and desist from their illegal practice of forcing employees to share tips with employees who do not regularly and customarily receive tips.

55. Plaintiffs' claims are typical of the claims of members of the class. Plaintiffs and members of the class have sustained damages arising out of the same wrongful and uniform employment policy of Defendants – to wit, the policy requiring servers to share tips with managers– in violation of the FLSA and the Florida Constitution.

56. At the time of the filing of this Complaint, Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

**FIRST CAUSE OF ACTION**
**MINIMUM WAGE VIOLATIONS OF THE FAIR LABOR STANDARDS ACT,**
**29 U.S.C. §216(b)**

57. Plaintiffs reallege and reincorporate all allegations contained in Paragraphs 1 through 56 as though fully stated herein.

58. At all times material to this Complaint, Defendants have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, under the FLSA.

59. At all times material to this Complaint, Defendants employed Plaintiffs and continued to employ similarly situated servers.

60. As set forth above, Defendants have at all times material to this Complaint and throughout the statute of limitations period in 2015 and 2016, utilized a policy and practice of forcing their servers to share tips with managers, who are traditionally non-tipped employees.

61. Defendants' policy and practice violates the FLSA's tip credit provisions.

62. Defendants' failure to pay Plaintiffs and other servers the full minimum wage is a violation of 29 U.S.C. §206.

63. Because any notice provided to Plaintiffs and Class Members regarding Defendants' intention to utilize the tip-credit included a notice that tips would be shared with managers, who did not regularly or customarily receive tips or interact with the public, Defendants never provided Plaintiffs or their co-workers with proper notice required by the 29 U.S.C. §203(m), and its implementing regulations, and thus was not entitled to count any amount of Plaintiffs and other class members' tips toward satisfying Defendants' minimum wage obligation.

64. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

65. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, ANDREA DE UDAETA and VICTORIA VARLASHKINA, on their own behalf and other similarly situated servers, demand judgment against Defendants, jointly and severally, AZUR BEACH CLUB LLC and RAMZI NABIR, for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FLORIDA CONSTITUTION, ART. X, § 24

66. Plaintiffs reallege and reincorporate all allegations contained within Paragraphs 1 through 56 above as though fully stated herein.

67. Plaintiffs and the other similarly situated servers are/were entitled to be paid the full minimum wage for each hour worked during their employment with Defendants within the last five (5) years.

68. During their employment with Defendants, Plaintiffs and those similarly situated servers were forced to managers, traditionally non-tipped employees.

69. Defendants willfully failed to pay Plaintiffs and those similarly situated servers the full minimum wage for one or more weeks of work contrary to Article X, Section 24 of the Florida Constitution.

70. Although such prerequisites are unconstitutional, Plaintiffs have complied with all statutory prerequisites to bringing their claim pursuant to Article X, Section 24 of the Florida Constitution. Specifically, on July 23, 2016, Plaintiffs served Defendants with a Notice pursuant to Fla. Stat. §448.110. A copy of Plaintiffs' Notice Letter dated July 22, 2016 is attached hereto as Exhibit A.

71. More than fifteen (15) days have elapsed since Plaintiffs' service of their Notice on Defendants, and Defendants have failed to make payment to Plaintiffs or the class members of the amounts due and owing herein.

72. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiffs and the other similarly situated servers have been damaged in the loss of minimum wages and the loss of amounts improperly taken from their tips and shared with mangers for one or more weeks of work with Defendants within the past five (5) years.

73. Plaintiffs demands a trial by jury.

WHEREFORE, Plaintiffs, ANDREA DE UDAETA and VICTORIA VARLASHKINA, on their own behalf and other similarly situated servers, demand judgment against Defendants, jointly and severally, AZUR BEACH CLUB LLC and RAMZI NABIR, for unpaid minimum wages, tips improperly shared with traditionally non-tipped employees (managers), an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, an Order requiring Defendants to cease and desist from its unlawful practice of requiring servers to share tips with non-tipped employees who do not regularly and customarily receive tips from customers and any and all further relief that this Court determines to be just and appropriate.

Plaintiffs demand a trial by jury on all issues so triable as a matter of right.

Dated: November 23, 2016

Respectfully submitted,

By: **s/KEITH M. STERN**
Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail: employlaw@keithstern.com
Hazel Solis Rojas, Esquire
Florida Bar No. 91663
E-mail: hsolis@workingforyou.com
LAW OFFICE OF KEITH M. STERN, P.A.
One Flagler
14 NE 1st Avenue, Suite 800
Miami, Florida 33132
Telephone: (305) 901-1379
Facsimile: (561) 288-9031
Attorneys for Plaintiffs

# EXHIBIT A

Law Office Of
# Keith M. Stern, P.A.
E-mail: employlaw@keithstern.com
Telephone: (561) 299-3703
Facsimile: (561) 288-9031
www.workingforyou.com

July 22, 2016

**Via Federal Express**
Ramzi Nabir
Azur Beach Club LLC
1800 S. Ocean Drive #3207
Hallandale Beach, FL 33309

      RE:    Notice Pursuant to Florida Statutes §448.110(6) and Class Claims for Minimum Wages under Article X, Section 24 of the Florida Constitution

Dear Mr. Nabir:

      Please be advised that the Law Office of Keith M. Stern, P.A. represents Andrea De Udaeta, Victoria Varlashkina, and a putative class comprised of all Servers who have worked and/or are currently working for Azur Beach Club LLC (hereinafter "Azur") in Hallandale Beach, Florida between approximately October 2015 and the present who are seeking the recovery of unpaid minimum wages due and owing from Azur under the Florida Minimum Wage Act, Florida Statutes §448.110, and Article X, Section 24 of the Florida Constitution. This Notice is being provided to you in accordance with F.S. §448.110(6) without waiving any rights of Ms. De Udaeta, Ms. Varlashkina, or any other Servers.

      First, Ms. De Udaeta was employed by Azur during a total of six (6) weeks between approximately March 18, 2016 and May 1, 2016. Likewise, Ms. Varlashkina worked for Azur between approximately March 24, 2016 and May 9, 2016. During this time, Ms. De Udaeta and Ms. Varlashkina allege that Azur: (1) failed to maintain records of all of the actual start times, stop times, number of hours worked each day, and total hours worked each week by Servers as required by the law; (2) did not pay the minimum wage of $8.05/hour for each and every hour worked pursuant to the Florida Minimum Wage Act and Article X, Section 24 of the Florida Constitution; and (3) utilized an unlawful tip pool policy/practice.

      Second, Ms. De Udaeta and Ms. Varlashkina seek to represent a class composed of all Servers employed by Azur since the club's opening in approximately October 2015 as a class action pursuant to Florida Rule of Civil Procedure 1.220, Rule 23 of the Federal Rules of Civil Procedure and as endorsed by Article X, Section 24(e) of the Florida Constitution. With respect to Azur's tip policy/practice, the Servers allege that Azur required employees to "tip out" (1) Managers in an amount equal to ten percent (10%) percent of each Server's tips at the end of each shift; and (2) bussers in an amount equal to twenty percent (20%) of each Server's gross sales, with the group of Servers sharing the remaining seventy percent (70%) left in the tip pool which was calculated by Azur dividing the number of hours each Server and Bartenders worked for a given shift into the remainder. Notably, Managers participating the tip pool clearly violates

Ramzi Nabir
Azur Beach Club LLC
RE:  Notice Pursuant to Florida Statutes §448.110(6)
July 22, 2016
Page 2

the law's requirements for maintaining the tip credit.  In light of the foregoing, each Server who has worked for Azur is entitled to the difference between the hourly rate paid by Azur—of $5.03/hour—and the applicable minimum wage of $8.05/hour, for each and every hour worked.

Third, Ms. De Udaeta estimates the following unpaid minimum wages are due and owing to her as a result of Azur's tip credit violations:

    Dates of Employment:    March 18, 2016 to May 1, 2016 (6 weeks)
    Hours Worked:    32 Hours/Week or 192 Hours Total
    Unpaid MW Wages Due
    From Tip Pool Violation:    192 Hours x $3.02/hour = $579.84

Similarly, Ms. Varlashkina estimates the following unpaid minimum wages are due and owing to her as a result of Azur's tip credit violations:

    Dates of Employment:    March 24, 2016 to May 9, 2016 (6 weeks)
    Hours Worked:    38 Hours/Week or 229 Hours Total
    Unpaid MW Wages Due
    From Tip Pool Violation:    228 Hours x $3.02/hour = $688.56

Fourth, Ms. De Udaeta and Ms. Varlashkina are also seeking the recovery of the tips unlawfully retained by Azure pursuant to both the Florida Minimum Wage Act and the Fair Labor Standards Act.  To this end, based upon an average tip contribution of $60.32 per shift by Ms. De Udaeta and an average tip contribution of $100.00 per shift by Mr. Varlashkina, the tips owed to Ms. Udaeta amount to $1,809.60 [$60.32/shift x 5 per week x 6 weeks = $1,809.60] and the tips owed to Ms. Varlashkina total $3,000.00 [$100.00/shift x 5 per week x 6 weeks = $3,000.00].

Based upon the unpaid minimum wages set forth above, demand is hereby made for Azur to pay the sum of $2,389.44 for Ms. De Udaeta's individual claims [$579.84 + $1,809.60 = $2,389.44] along with $3,688.56 for Ms. Varlashkina's individual claims [$688.56 + $3,000.00 = $3,688.56].

Fifth, with respect to the class of Azur's Servers, while Azur is in possession, custody, and control of the complete records reflecting the tip amounts retained by Azur and records of at least some of the hours worked by Servers during the time the club has been open between approximately October 2015 and the present, based upon the average of the unpaid tips owed to Ms. De Udaeta and Ms. Varlashkina and Azur regularly employing an average of Four (4) Servers any given time, it is estimated that Azur has employed a total of at least Twenty (20) Servers over the past nine (9) months.  As such, based upon Azur's Servers regularly working an average of approximately Thirty-Two (32) hours per week, the class of Servers have regularly worked approximately One Hundred and Twenty-Eighty (128) hours per week over the Thirty-

Ramzi Nabir
Azur Beach Club LLC
RE:  Notice Pursuant to Florida Statutes §448.110(6)
July 22, 2016
Page 3


Eight (38) weeks between October 2015 and the present for which unpaid minimum wages are due and owing to the class as follows:

| | |
|---|---|
| Unpaid MW Wages Due: | 128 Hours/Week x $3.02/hour= $386.56 per week |
| Total Weeks Worked: | 38 Weeks |
| Total Unpaid MW Due for Class of Servers: | $386.56/week x 38 weeks = $14,689.28 |
| Total Tips Due & Owing to Class of Servers as a result of Unlawfully Retained Tips: | $80.16 /week x 4 Servers x 38 weeks = $12,184.32 |

Based upon the foregoing, to resolve this matter for the class of Servers, Azur must pay $26,873.60 [$14,689.28 + $12,184.32] for these unpaid minimum wages of the class.  Please ensure that Azur produces all hourly compensation records, tip amounts, and any time records in your possession for each putative class member (Server), so that we can promptly review the relevant records.

Pursuant to Florida Statutes §448.110(6)(b), Azur has Fifteen (15) calendar days from receipt of this Notice to pay the unpaid wages owed to Ms. De Udaeta and Ms. Varlashkina and to resolve the claims of the class of Servers in addition to providing the records requested to the undersigned counsel at 8333 NW 53rd Street, Suite 450, Doral Florida 33166.  If Azur fails to do so, be advised that a civil action will be filed to take all necessary action to pursue the remedies guaranteed under State and/or Federal law.  Likewise, because the law prohibits employers from discriminating or retaliating against any current or former employee for pursuing their right to seek the recovery of unpaid wages, please refrain from any direct communication or attempts to threaten, intimidate or dissuade any employee including but not limited to Ms. De Udaeta and Ms. Varlashkina.

Sincerely,

*Hazel Solis Rojas*

Hazel Solis Rojas, Esq.
Keith M. Stern, Esq.